UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN MCGEE,

      Plaintiff,

v.                                                                    Case No.: 8:25-cv-00868-JLB-NHA

PROGRESSIVE SELECT
INSURANCE COMPANY,

      Defendant.

_____/

## ORDER

Plaintiff John McGee moves to compel Defendant Progressive Select Insurance Company to produce the Electronic File Folder (EFF) index, a list of the documents the Defendant possessed relating to Plaintiff's underlying claim. Doc. 34. After consideration, I deny the motion.

## I.   Background

This is a bad-faith insurance action. Plaintiff's car struck and injured Ricardo Morales, who then sued Plaintiff in state court. Compl., Doc. 1-1 ¶¶ 6-11. Plaintiff had a Progressive liability policy that provided up to $50,000 per person in bodily injury coverage. *Id.* ¶ 8; Def.'s Resp., Doc. 33 p. 6. Before suing Plaintiff, Mr. Morales offered to settle any claim against him for $50,000. Doc. 32 ¶ 4; Doc. 33 p. 6. Defendant counter-offered $24,400, which Morales refused. Doc. 32 ¶¶ 4-5; Doc. 33 p. 6.

In July of 2019, Defendant increased its settlement offer to Morales to the $50,000 policy limit. Doc. 1-1 ¶ 18; Doc. 33 p. 7. Morales declined the $50,000 offer, and the case proceeded to trial. Doc. 1-1 ¶ 19; Doc. 33 p. 7. The state court ultimately entered a judgment against Plaintiff for $856,002.50. Doc. 32 ¶ 2.

In this lawsuit, Plaintiff sues Defendant for breach of contract for refusing to pay Morales's attorney's fees which the state court assessed against Plaintiff, and for bad faith in Defendant's "handling and defense of Morales's claims against" Plaintiff. Doc. 1-1 ¶ 31. Plaintiff's bad faith claim specifically alleges that Defendant acted in bad faith by failing to settle Morales's claims within the policy limit when it had the opportunity, among other allegations. *Id.*

On June 5, 2025, Plaintiff served Defendant with his first requests for production. Doc. 34 p. 1. Those requests included Request 4, which reads:

> **REQUEST NO. 4:** Any index of any paper or electronic file, or screenshots or printouts of any computer directories or electronic repositories, containing any DOCUMENTS responsive to numbers 1 through 3, above.

Doc. 34 p. 4. Requests 1 through 3, in turn, requested Defendant's claim file for the underlying claim, the litigation file for the underlying litigation, and any documents created or obtained by Defendant during the relevant period which related to Morales, Plaintiff, or the relevant claim and lawsuit. *Id.*

2

Defendant initially responded to Request 4 by stating that it had no documents responsive to the request. Doc. 34 ¶ 13. Then, after conferral with Plaintiff, Defendant objected that the EFF was irrelevant and disproportionate to the needs of the case. *Id.* ¶ 14.[1]

Plaintiff subsequently filed the present motion, seeking an order compelling Defendant to produce screenshots of the EFF. Doc. 34. The parties explain that the EFF screenshots would depict a list of the documents contained in Defendants' file for the underlying claim and litigation. Doc. 34 p. 9; Doc. 35 p. 5. Both parties acknowledge that Defendant has produced the documents in the claim file itself. Doc. 34 p. 14; Doc. 35 p. 6. But, Plaintiff argues that he needs the EFF in order to determine when Defendant received certain materials from Ramos, and to verify that Defendant has not omitted any documents in its production of is claim file. *See generally* Doc. 34.

In response, Defendant maintains that Plaintiff cannot show that the EFF screenshots would be relevant given that Plaintiff has already received all of the materials in the claim file, and asserts that production of the EFF screenshots would thus be disproportionate to the needs of this case. *See*

---

[1] Defendant also maintained that the EFF was not responsive to Request 4. However, in its response in opposition to Plaintiff's motion, Defendant argued that "the more pertinent issue is that the EFF is not relevant or proportional to the needs of the case." Doc. 35 p. 3 n. 2. The Court thus considers Defendant's non-responsiveness objection waived and considers only its relevance and proportionality arguments.

3

*generally* Doc. 35. Defendant also offers a sworn declaration by Progressive employee Michael Riva, in which Riva avows that Defendant has already produced all non-privileged documents contained in the claim file, and that the EFF does not show when Defendant received the documents within the claim file. Doc. 38.

## II.    Legal Standard

The Court has "broad discretion under Federal Rule of Civil Procedure 26 to compel or deny discovery." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). In discovery, a party may seek information "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and information "need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). Federal courts favor a liberal interpretation of the Federal Rules "to allow for robust discovery." *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021).

Still, "limitations necessarily arise" when a discovery request "touches upon the irrelevant." *Id.* at 1277 (quoting *Hickman v. Taylor*, 329 U.S. 495 (1947)). Under Rule 26, "the court has the authority to confine discovery to the claims and defenses asserted in the pleadings." *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334 (11th Cir. 2012) (cleaned up). Courts must also ensure that discovery is "proportional to the needs of the case." Fed. R. Civ. P.

4

And, "[w]here a significant amount of discovery has been obtained, and it appears that further discovery would not be helpful in resolving the issues, a request for further discovery is properly denied." *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003) (quoting *Avirgan v. Hull*, 932 F.2d 1572, 1580 (11th Cir.1991)).

### III.    Discussion

In his motion, Plaintiff advances two general arguments in support of the relevant and proportionality of the EFF screenshots. First, Plaintiff argues that the EFF index will show when Defendant received medical records from Morales, which could support Plaintiff's argument that Defendant failed in bad faith to promptly tender a policy-limit settlement offer to Morales when it knew Plaintiff could be exposed to excess liability. Doc. 34 p. 8. Second, Plaintiff asserts that it cannot be sure Defendant has produced its entire claim file without seeing the EFF screenshots.[2] Doc. 34 pp. 14-15.

Neither argument for the relevance and proportionality of the EFF productions is persuasive, because Plaintiff has not demonstrated the EFF screenshots will provide relevant information that Defendant's prior productions have not provided.

---

[2] Plaintiff also argues that the EFF screenshots are relevant to Defendant's Third and Fourth Affirmative Defenses to Plaintiff's complaint. Doc. 34 pp. 12-13. However, Defendant has since withdrawn those defenses. Doc. 50. Accordingly, this aspect of Plaintiff's argument is now moot.

Plaintiff's first argument relies on his belief that the EFF screenshots will reflect the dates on which Defendant received medical records and other materials from Morales. But Michael Riva's sworn declaration shows that Plaintiff is incorrect: Rivas swears that "The EFF reflects the date and time a document was uploaded to EFF, not the date and time a document was received by [Defendant] during the handling of the claim." Doc. 38 ¶ 3.  Further, Defendant explains in its motion that the best source for time-of-receipt information is the "claim notes" contained within the claim file, which have already been produced to Plaintiff. Doc. 35 p. 6. With these showings, Defendant confirms that, to the extent it has information about when it received particular documents from Morales, that information has already been produced to Plaintiff.

Plaintiff's second argument for the relevance of the EFF screenshots is similarly unavailing. Plaintiff expresses general concerns that Defendant may have failed to produce its entire claim file to him, but any such concerns are assuaged by Riva's declaration, which states: "All documents contained in [Defendant's] claim file . . . have been produced in discovery in this case or identified on a privilege log with assistance of counsel." Doc. 38 ¶ 5. This aspect of the sworn declaration is more than enough to overcome generalized doubts about the completeness of the claim file production.

And, to the extent Plaintiff offers any support for his concern that the claim file has not been entirely produced, his showing appears to be based on a misunderstanding. Plaintiff cites defense counsel and Progressive employee statements indicating that Defendant cannot confirm that it produced the entire *demand package* from Morales, as Defendant's representatives could not confirm that the claim filed ever included the entire demand package. Doc. 34 p. 15. But, as Defendant notes, the EFF screenshots would only show what was in the claim file itself, so to the extent something is missing from the claim file, it would also not be shown in the EFF screenshots. In other words, Plaintiff cites Defendant's doubt as to the completeness of the *claim file itself* as a basis for obtaining additional discovery regarding what the claim file contains. Defendant's response and a careful reading of Plaintiff's purported showing indicates that such additional discovery would be futile.

In sum, Plaintiff's fails to demonstrate that the EFF index would be relevant and not redundant. Notwithstanding the broad scope of relevancy in the discovery context, discovery motions are "properly denied" when, as here, the relevant material has already been disclosed and "it appears that further discovery would not be helpful in resolving the issues." *Iraola*, 325 F.3d at 1286.

7

Accordingly, Plaintiff's motion to compel (Doc. 34) is denied.

DONE and ORDERED on April 13, 2026.

NATALIE HIRT ADAMS
United States Magistrate Judge